UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICK P., | ) |
| | ) |
|        **Plaintiff** | ) |
| | ) |
| v. | )   No. 1:22-cv-00203-KFW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|        **Defendant** | ) |

**MEMORANDUM DECISION**[1]

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred in determining that he had transferable skills and failing to properly evaluate his alleged symptoms and limitations. *See* Plaintiff's Brief (ECF No. 13) at 3-16. I find no reversible error and, accordingly, affirm the Commissioner's decision.

## I. Background

The ALJ found, in relevant part, that the Plaintiff (1) had the severe impairment of degenerative disc disease of the lumbar spine, *see* Record at 18; (2) retained the residual functional capacity (RFC) to perform light work with some postural and environmental limitations, *see id.* at 20; (3) had acquired skills from past work as a contact representative and a county court judge that were transferable to

---

[1] The parties have consented to have me preside over all proceedings in this action, including the entry of judgment. *See* ECF No. 10.

1

other occupations existing in significant numbers in the national economy—namely, those of referral or information aide/clerk and case aide, *see id.* at 25-26; and (4) therefore had not been disabled at any time from August 17, 2016, his alleged onset date of disability, through the date of the decision, February 4, 2021, *see id.* at 16, 26-27.  The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 5-7, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001).  Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings.  *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result.  *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991).  But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III.  Discussion

### A.  Finding of Transferable Skills

In finding that the Plaintiff had transferable skills, the ALJ explained that the vocational expert (VE) had testified that, (1) in past work as a contact representative, the Plaintiff had acquired skills that included "the ability to review and understand contract bids, and address and assess the advice given by legal counsel," Record at 25; (2) in past work as a county court judge, the Plaintiff had acquired skills that included "the ability to read, understand and review different testimonial documents, such as[] wills and codicils[,]" "the ability to read reports of experts addressing living situations of juveniles before making his decision," and the ability to "deal with . . . mental health reports as relating to the parents or children," *id*.; and (3) a person with those skills could perform the jobs of either referral or information aide/clerk or case aide, *see id*. at 26.

The Plaintiff argues that the ALJ identified only job duties, not skills, acquired in the two prior jobs, the VE never identified skills acquired from those job duties, and the VE described vague traits rather than skills required to perform the two new jobs, rendering the ALJ's Step 5 finding unsupported by substantial evidence.  *See* Plaintiff's Brief at 3-5.  He cites *Bent v. Colvin*, No. 1:13-cv-243-JDL, 2014 WL 4060308 (D. Me. Aug. 15, 2014), and *Kramer v. Astrue*, No. 1:10-cv-207-JAW, 2011 WL 1158234 (D. Me. Mar. 25, 2011) (rec. dec.), *aff'd*, 2011 WL 1627345 (D. Me. Apr. 28, 2011), for the proposition that "traits that would be welcome in an individual performing any job," such as "communication skills," "performing effectively under

3

stress," and "making judgments and decisions," are "too vague to constitute particular skills which are transferable." *Id*. at 4-5 (internal quotation marks omitted).

Notably, the Plaintiff himself described the work he had done in his past jobs in response to questions posed by the ALJ. *See* Record at 63-66. That was as it should be: the Commissioner has recognized that "[t]he claimant is in the best position to describe just what he or she did in [past relevant work], how it was done, what exertion was involved, what skilled or semiskilled work ac[]tivities were involved, etc." SSR 82-41, 1982 WL 31389, at *4 (Jan. 1, 1982).

Based on that colloquy, the ALJ described specific skills that the Plaintiff had acquired in the course of performing his job duties, not vague traits desirable in any employee; for example, the ability to review, understand, and act upon legal documents such as contracts and wills and expert reports relating to the welfare of children. *See* Record at 25; *Albors v. Sec'y of Health & Hum. Servs.*, 817 F.2d 146, 147-48 (1st Cir. 1986) (rejecting a claimant's challenge to the finding that he had acquired transferable skills when a VE had "testified that claimant's past work— assistant sales manager in a brewery—was skilled and that claimant had acquired various intellectual, analytical, and interpersonal skills transferable to such jobs as quality control clerk in the pharmaceutical industry or billing clerk"); *Stephen W. v. Kijakazi*, No. 2:20-cv-00267-JAW, 2021 WL 3683347, at *2 (D. Me. Aug. 19, 2021) (rec. dec.) (deeming "recordkeeping" a transferable skill rather than a generic activity), *aff'd*, 2022 WL 375835 (D. Me. Feb. 8, 2022); SSR 82-41 at *4 (describing "skills" as including "[a]bstract thinking in specialized fields . . ., as for chemists and

architects," and, in the case of a president or chief executive officer of a business organization, "exceptional ability to deal with people, organize various data, and make difficult decisions in several areas of knowledge").

The specificity of the skills described and the high level at which they were acquired distinguish this case from *Kramer* and *Bent*. In *Kramer*, the Court concluded that a VE's testimony that the claimant had the transferable skills of performing a variety of duties, dealing with people, performing effectively under stress, and making judgments and decisions appeared to be erroneous in that the VE listed "as transferable skills what are actually only traits that would be welcome in an individual performing any job." *Kramer*, 2011 WL 1158234, at *2. In *Bent*, the Court held that "communication skills" acquired in the claimant's past work as a pharmacy technician did not qualify as transferable skills but acknowledged that communication could be considered a skill, rather than a trait, at higher skill levels. *Bent*, 2014 WL 4060308, at *8 & n.6.

Nor do I find fault with the ALJ's reliance on the VE's testimony that the Plaintiff had skills that were transferable to the two semiskilled jobs of referral or information aide/clerk and case aide. The VE explained that those jobs implicated the skills described by the Plaintiff because the referral or information aide/clerk deals with different departments, reads contracts, and directs people to agencies, and the case aide assists youths and families, working with government officials and contracts. *See* Record at 66-67, 70-71.

5

## B. Discounting of Plaintiff's Subjective Allegations

The Plaintiff next seeks remand on the basis that the ALJ did not properly evaluate his self-described symptoms and limitations from pain or reasonably find them inconsistent with the record as a whole. *See* Plaintiff's Brief at 5-16. Again, I find no reversible error.

Absent a material error in an ALJ's resolution of conflicts in the evidence, including the expert opinion evidence of record, this Court defers to an ALJ's weighing of the evidence, which is the core duty of an ALJ. *See, e.g., Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts.").

ALJs need not cite or discuss all potentially relevant evidence of record, nor could they feasibly do so given the volume of most medical records. *See, e.g., Newcomb v. Colvin*, No. 2:15-cv-463-DBH, 2016 WL 3962843, at *10 (D. Me. July 22, 2016) (rec. dec.) ("The [ALJ] was not required to discuss every detail of every [medical expert] opinion."), *aff'd*, 2016 WL 4250259 (D. Me. Aug. 10, 2016).

Accordingly, "[t]he mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec.), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019).

6

The Plaintiff primarily does just that, highlighting certain objective evidence and portions of his function report that he asserts cut in favor of a finding of disability without engaging with the contrary evidence relied on by the ALJ, which included the opinions of an agency examining consultant and two agency nonexamining consultants. *See* Plaintiff's Brief at 11-15; Record at 21-25. This amounts to an unavailing invitation to the Court to reweigh the evidence.

He also contends that the ALJ mischaracterized the record in stating that he "report[ed] that he was able to perform household chores, such as sweeping, dusting, driving his daughter to daycare and get the mail" and "could drive, go out alone, and go shopping in stores or online." Plaintiff's Brief at 13-14 & n.11 (quoting Record at 21). However, those findings are supported by the page of the Plaintiff's function report cited by the ALJ. *See* Record at 21, 240.

Finally, he argues that the ALJ failed to acknowledge "one specific credibility enhancing factor": his "strong work history" of more than thirty-four years "of virtually uninterrupted employment before he became disabled." Plaintiff's Brief at 15. As the Plaintiff notes, *see id.*, an ALJ is required to *consider* a claimant's "prior work record," 20 C.F.R. § 404.1529(c)(3). However, he identifies no authority requiring that an ALJ *discuss* a claimant's work history. *See* Plaintiff's Brief at 15-16. In any event, he acknowledges that discussing this factor would not necessarily have made any difference. *See id.* at 16 (noting that he "is not suggesting that his work history *necessarily* entitled him to enhanced credibility, or that this factor trumps others").

7

## IV. Conclusion

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.

Dated: September 22, 2023

/s/ Karen Frink Wolf  
United States Magistrate Judge